UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- X
   FRANK JAMES OSLZLY

                Plaintiff,

          - against -                    15 Civ. 6332 (BMC)(LB)

   SOCIAL SECURITY ADMINISTRATION,

                Defendant.
------------------------------------------------------- X   **MEMORANDUM AND ORDER**

   FRANK JAMES OSLZLY

                Plaintiff,

          - against -                    15 Civ. 6473 (BMC)(LB)

   SOCIAL SECURITY ADMINISTRATION,

                Defendant.
------------------------------------------------------- X

**COGAN,** District Judge.

Plaintiff *pro se* filed the above-captioned complaints against the Social Security Administration ("SSA" or "the Agency"). The first complaint requests that the Agency be enjoined to seek out additional medical records. The second seeks "interim disability benefits via a Martinez motion." Plaintiff's requests to proceed *in forma pauperis* are granted for the purpose of this Order, but both actions are dismissed for lack of subject matter jurisdiction.

**BACKGROUND**

Plaintiff's first complaint against SSA, docketed at 15-CV-6332, states that "SSA has made no efforts to determine the existence of medical records in the possession of the state of Nebraska." Plaintiff requests that SSA "1) provide a complete inventory of all data regarding me, as well as the data itself, 2) allow me to challenge, rectify, and add new information, 3) and hold off on the determination phase until all has been completed." Plaintiff attaches a copy of an

SSA Acknowledgement form in which he stated that he could not attend a scheduled November 17, 2015 hearing because, among other reasons, "SSA has not requested pertinent documents" and "[i]neffectiveness of counsel, Eric A. Shore." (*id.* at 4.) He also attaches printouts of emails related to his application for Adult Children's Disability Benefits, communication with the Nebraska State patrol related to Nebraska Adult Protective Services, and a challenge to "a diagnosis provided by NYC public healthcare." (*id.* at 5-7.)

Plaintiff's second complaint against SSA, docketed at 15-CV-6473, renews the request that the Agency "subpoena every iota of medical information about [him]." Plaintiff states that "[t]he Social Security Administration can be ordered to pay interim disability benefits via a Martinez motion." He also requests that SSA pay for his lodging, meals, and taxis while his request for benefits is pending. Finally, plaintiff requests the assignment of legal counsel and to discover what his former attorney "has on file."

## DISCUSSION

### A. Standard of Review

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and that the Court must read a *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. See Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197 (2007). Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. An action is "frivolous" when the claim is based on an indisputably meritless legal theory. Livingston v. Adirondack Beverage Co., 141 F.3d 434 (2d Cir. 1998) (internal quotation marks omitted).

Further, the plaintiff, even if proceeding *pro se*, must establish that the court has subject matter jurisdiction over the action. See, e.g., Hamm v. United States, 483 F.3d 135 (2d Cir. 2007); Ally v. Sukkar, 128 F. App'x 194 (2d Cir. 2005). Federal jurisdiction is available when a federal question is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. The requirement of subject matter jurisdiction cannot be waived, United States v. Cotton, 535 U.S. 625, 122 S. Ct. 1781 (2002), and its absence may be raised by the court *sua sponte*. See Henderson v. ex rel. Henderson v. Shinseki, 562 U.S. 428, 131 S. Ct. 1197 (2011). When a court lacks subject matter jurisdiction, dismissal is mandatory. Arbaugh v. Y & H Corp., 546 U.S. 500 (2006); Fed. R. Civ. P. 12(h)(3).

**B. Subject Matter Jurisdiction**

In this case, the allegations in plaintiff's complaints and the exhibits attached thereto establish that this Court lacks subject matter jurisdiction at this juncture. "The Social Security Act provides that '[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action' in federal district court." Sims v. Apfel, 530 U.S. 103, 106, 120 S. Ct. 2080, 2083 (2000) (quoting 42 U.S.C. § 405(g)). The Supreme Court has interpreted this language to mean that a "final decision" by SSA is a statutorily specified jurisdictional prerequisite to review in federal court. See Weinberger v. Salfi, 422 U.S. 749, 95 S. Ct. 2457 (1975). Although the Social Security Act does not define the term "final decision," courts have held that a final decision is rendered when the Appeals Council either considers the application on the merits or declines a claimant's request for review, and not simply when the ALJ issues its decision. See Sims, 530 U.S. at 106; Pollard v. Halter, 377 F.3d 183 (2d Cir. 2004). Since plaintiff is still

3

awaiting a hearing before the ALJ, originally scheduled for November 17, 2015, it is clear that plaintiff has not obtained a "final decision."

Under certain circumstances, this exhaustion requirement may be excused. For example, courts have excused a failure to exhaust upon finding "(1) that the claim is collateral to a demand for benefits, (2) that exhaustion would be futile, [or] (3) that plaintiff[] would suffer irreparable harm if required to exhaust administrative remedies." Pavano v. Shalala, 95 F.3d 147, 150 (2d Cir. 1996). However, "[e]xhaustion is the rule, waiver the exception." Id. (quoting Abbey v. Sullivan, 978 F.2d 37, 44 (2d Cir. 1992)).

Nothing in the complaints in these cases suggests that plaintiff can make out any of these three grounds for excusing his failure to exhaust. First, plaintiff's claim is not collateral to a demand for benefits, but seeks benefits. Second, there is no basis to find that administrative review would be futile. To the contrary, the SSA had scheduled a hearing for November 17, 2015, which plaintiff apparently requested to have rescheduled. Third, plaintiff has not alleged irreparable harm. He states that his current residence in homeless shelters causes him to "be re-committed to the same spectrum of care," but does not indicate the "spectrum of care" he is currently receiving.

### C. The Inapplicability of Martinez v. Califano

Plaintiff's second complaint requests interim benefits pursuant to Martinez v. Califano, No. 73 CV 900, 1985 WL 6079 (E.D.N.Y. May 28, 1985). That case required the SSA to notify applicants awaiting hearings of the possibility of seeking injunctive relief in the case of "unreasonable delays." Id. The case did not define what would constitute an unreasonable delay, and plaintiff does not assert that he was subjected to any delay. Plaintiff has not indicated

when he filed his request for Adult Child Disability Benefits. He was scheduled for a hearing on November 17, 2015, but he indicated that he could not attend at that time.

District courts in this Circuit have held that delays of up to a year are not unreasonable. See, e.g., Saltares v. Bowen, 711 F. Supp. 162 (S.D.N.Y. 1989) (noting other cases with unreasonable delays but finding one year between remand and final determination not unreasonable). Accordingly, while plaintiff may be able to rely on Martinez in seeking injunctive relief at some point in the future, he cannot obtain any relief under Martinez at this juncture, when he had a hearing scheduled and any delay is caused by his own request to reschedule.

## **CONCLUSION**

Since plaintiff's complaints indicate that plaintiff has not obtained a "final decision" from the Commissioner of Social Security, this Court lacks subject matter jurisdiction. See 28 U.S.C. § 405(g); Weinberger, 422 U.S. at 766. Accordingly, these actions are dismissed without prejudice to renewing (1) if plaintiff can allege a basis for excusing his failure to exhaust his administrative remedies or (2) if the SSA fails to conduct a hearing within a reasonable time. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       November 25, 2015